**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HAROLD WILLIAMS, BARBARA WILLIAMS,**

          **Plaintiffs,**

**-vs-**                                            **Case No. 6:12-cv-1277-Orl-18KRS**

**CITY OF SANFORD, FLORIDA,**
**SEMINOLE COUNTY TAX OFFICE,**

          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2, 3)**
>
> **FILED:** **August 17, 2012**

Plaintiff Harold and Barbara Williams filed a complaint in which they allege that Defendants City of Sanford, Florida and the Seminole County Tax Office are wrongfully depriving Barbara Williams of a homestead and disability exemption on property located in Sanford, Florida. Plaintiffs ask that this Court stop eviction proceedings. Doc. No. 1. They seek to proceed *in forma pauperis.* Doc. Nos. 2, 3.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

In the present case, Plaintiffs do not allege a federal law, constitutional provision or treaty allegedly violated by Defendants. Therefore, the complaint is insufficient for this Court to exercise federal question jurisdiction. It appears from the complaint that Plaintiffs and Defendants are citizens of Florida. Therefore, the complaint is insufficient for this Court to exercise diversity jurisdiction. Accordingly, the complaint must be dismissed for lack of subject matter jurisdiction.

Generally, *pro se* plaintiffs should be given an opportunity to file an amended complaint. Only a person who has been injured by the actions of the defendant(s) has standing to bring the lawsuit. Accordingly, in an amended complaint Harold Williams must show how he has been injured as a result of the alleged denial of exemptions to Barbara Williams. In amending, Plaintiffs must name as Defendants only those persons or entities who are responsible for the

alleged constitutional violations.  Plaintiffs must state what rights under the Constitution, laws, or treaties of the United States have been violated. It is improper for Plaintiffs to merely list constitutional rights or federal rights.  Plaintiffs must provide support in the statement of facts for the claimed violations.  Further, Plaintiffs should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged constitutional violation(s) .  Finally, each Plaintiff must show specifically how he or she has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

Accordingly, I **recommend** that the Court **DISMISS** the case without prejudice and allow Plaintiff to file an amended complaint within fourteen days after the Court's order on this Report and Recommendation, and **DENY** the motions to proceed *in forma pauperis*, Doc. Nos. 2, 3, without prejudice to refiling them with the amended complaint.  I **further recommend** that the Court advise Plaintiffs that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 21, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy